**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION AT JACKSON**

**JOHNNIE MAE OWENS**                                                                              **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 3:17-cv-314-DPJ-FKB**

**THE KROGER CO., and**
**JOHN DOES 1 THROUGH 5**                                                           **DEFENDANTS**

<u>**DEFENDANT'S REPLY IN SUPPORT OF ITS**</u>
<u>**MOTION TO STRIKE PLAINTIFF'S EXPERT, JEFFREY ALI, M.D.**</u>

**COMES NOW,** Defendant, The Kroger Co. ("Kroger" or "Defendant"), through counsel, and hereby files its Reply in Support of its Motion to Strike Plaintiff's Expert, Jeffrey Ali, M.D. ("Dr. Ali"), as follows:

In order to meet its November 3, 2017 expert designation deadline, Kroger timely requested Plaintiff to identify any damages claimed and to include the names of any medical providers who have treated her. Plaintiff did not identify Jeffrey Ali, M.D., in her initial core disclosures; did not identify Dr. Ali in response to Kroger's interrogatories (attached hereto as Exhibit 1); and did not produce any records of Dr. Ali in response to Kroger's Request for Production of Documents (attached hereto as Exhibit 2).

For the first time, Plaintiff, by way of her expert designation, identified, *inter alia*, Dr. Ali, as a medical expert in this case.  This was the first mention of Dr. Ali during this lawsuit, and the first time that Kroger became aware that Plaintiff had been treated by Dr. Ali, despite Kroger's efforts to obtain Plaintiff's complete medical history. Plaintiff's expert designation only provided a generic summation of his expected testimony.  In addition to providing the name and address of his medical clinic, Plaintiff provided the following generic and non-specific summary of his anticipated testimony:

> *Subject matter:  Diagnosis and treatment of mental/emotional injuries suffered by Plaintiff.*
>
> *Summary of Facts and Opinions:  Dr. Ali is expected to testify to the facts and opinions contained in his reports and records, copies of which will be produced when received.*

(attached hereto as Exhibit 3) October 3, 2017 Plaintiff's Designation of Experts.  Importantly, Plaintiff did not produce Dr. Ali's reports and/or records in advance of the expert deadline, instead only noting that they "will be produced when received."

Plaintiff provided no other admissible or probative information relative to Dr. Ali in advance of the expert designation deadline.   This, despite Kroger having propounded an interrogatory asking Plaintiff to

> Identify each person Plaintiff expects to call as an expert witness at trial, and provide complete disclosures pursuant to the Mississippi [sic] Rules of Civil Procedure, including the subject matter on which each such expert is expected to testify, state the substance of the facts and opinions to which each such expert is expected to testify and give a summary of the grounds for each opinion of each such expert, all in accordance with Rule 26 of the Mississippi [sic] Rules of Civil Procedure, which is incorporated herein by reference.

*See* Exhibit 1, Plaintiff's Response to Kroger's First Set of Interrogatories.  Later on October 26, 2017, following Plaintiff's expert designation deadline, Plaintiff produced an incomplete set of Dr. Ali's medical records.

## ARGUMENT

The Federal Rules of Civil Procedure empower the trial judge to establish a case management schedule, and "expert witnesses must be designated in accordance with that schedule."  *Rushing v. Kansas City Southern Railway Co*., 185 F.3d 496, 508 (5th Cir. 1999).  Expert disclosures must be made in the time and sequence ordered by the Court.  Fed. R. Civ. P. 26(a)(2)(D)-(E).  A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial."  L.U.Civ.R. 26(a)(2).  Additionally, Rule 37

provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

District Courts in Mississippi have placed a particular emphasis on filing *timely* expert reports and disclosing all expert opinions, and have recognized that, under Uniform Local Rule 26.l(A)(2)(b), untimely and incomplete expert designations and export reports should "be stricken upon proper motion or *sua sponte* by the court." *Studdard v. State Auto Property and Casualty Ins. Co.*, No. 1:06CV190, 2007 WL 3047150 (N.D. Miss. October 17, 2007); *see also Gerald v. Univ. of Southern Mississippi*, Civil Action No. 2:12cv147-KS-MTP ("Under the Local Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its 'expert designation deadline is grounds for prohibiting introduction of that evidence at trial'." (*citing* L.U.Civ.R. 26(a)(2)).  "A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court *sua sponte*." (*citing* L.U.Civ.R. 26(a)(2)(B); *see also* Fed.R.Civ.P. 37(c)(1))).  "[I]t is not proper federal practice to assume that one can submit an incomplete expert report only to provide new opinions and/or new information . . . ." at a later time. *Hill v. Koppers Indus.*, 2009 WL 3246630, at *3 (N.D. Miss. Sept. 30, 2009).  A party who fails to fully comply with any case management order deadline does so at its own peril and any decision by the trial court to strike late expert witness designations and to preclude any witnesses not timely disclosed will be upheld absent an abuse of discretion.  *Id*. at 509.

When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors: (1) the

importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *Hamburger v. State Farm Mut. Auto. Ins. Co*., 361 F.3d 875, 882-83 (5th Cir. 2004). Rule 26's designation requirements apply to all testifying experts, including treating physicians. *Hamburger*, 361 F.3d at 882-83.

## I. Plaintiff's designation of Dr. Ali, absent having produced his medical records, should be stricken.

Within her designation, Plaintiff merely indicated that Dr. Ali is expected to testify "***to the facts and opinions contained in his reports and records***." While Kroger acknowledges that treating physicians are relieved of having to provide a written report under Fed. R. Civ. P. 26, such acknowledgement presupposes that the medical records at issue have been produced or have at least been made available. Such is not the case in this matter. Herein, Plaintiff did not produce Dr. Ali's reports and/or records in advance of the expert deadline, instead only noting that they "will be produced when received." Plaintiff did not provide a sufficient summary of the subject matter or facts and opinions to which Dr. Ali would testify at trial, only stating that he would testify as to the "***diagnosis and treatment of mental/emotional injuries suffered by Plaintiff***." Because no reports or records of Dr. Ali were produced in advance of the designation, and none accompanied the designation, and no substantive summary of the subject matter and/or facts and opinions to which he would testify at trial was provided, Kroger respectfully submits that Plaintiff's purported designation of Dr. Ali is meaningless and insufficient under the Rules. The designation is woefully inadequate to provide sufficient information for Kroger to meet Plaintiff's claims with its own experts or cross-examination, particularly given that none of Dr. Ali's records were produced in advance of Plaintiff's expert designation deadline. *See, i.e*.,

4

*Bailey Lumber & Supply Co. v. Robinson,* 98 So. 3d 986, 997 (Miss. 2012) (wherein the Mississippi Supreme Court explained that "it is imperative for parties to disclose more than just the general subject matter on which an expert will testify").

Consideration of the *Hamburger* factors also weighs in favor of striking the designation of Dr. Ali. Given the lack of complete records of Dr. Ali, it is impossible to assess the importance of Dr. Ali's testimony. As for the second factor, and despite Plaintiff's unsupported contentions to the contrary, Kroger would suffer significant prejudice if Dr. Ali is allowed to testify, as it has insufficient information to assess his anticipated testimony and meet it with its own expert. Allowing Dr. Ali to testify would constitute unfair surprise to Kroger. As for whether any prejudice could be cured by a continuance, Kroger would submit that a continuance would result 'in additional delay and increase [] the expense of defending the lawsuit." *Gerald*, Civil Action No. 2:12cv147-KS-MTP (*citing Hamburger v. State Farm Mut. Auto. Ins. Co*., 361 F.3d 875, 883-84 (5th Cir. 2004)). "Further, 'a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Id.* (*citing Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)). Nonetheless, should the Court wish to grant a continuance, Kroger would submit that all deadlines, including Kroger's expert deadline and the trial of this matter, will need to be continued. As for the final factor to consider, Plaintiff has offered no explanation for her failure to comply with the discovery order, which weighs heavily in favor of striking Dr. Ali as an expert. *See, e.g*., *Terrance v. Pointe Coupee Parish Police Jury*, 177 Fed. App'x 457, 459 (5th Cir. 2006) (finding no abuse of discretion in exclusion of testimony where, even though disclosure occurred several months prior to trial, plaintiffs failed to provide a reason for the late disclosure or identify importance of testimony). At no time has Plaintiff sought any

extension of time or relief for failing to properly designate Dr. Ali.  Accordingly, a balancing of the *Hamburger* factors weighs in favor of striking Dr. Ali as an expert in this case.

>    **II.     Plaintiff's reliance on *Walker vs. Target Corp*., is misplaced.**

Plaintiff cites to *Walker vs. Target Corp*., No. 2:16-CV-42-KS-MTP (S.D. Miss. July 6, 2017) and *Walker vs. Target Corp*., No. 2:16-CV-42-KS-MTP (S.D. Miss. June 21, 2017) for the notion that an opposing party is not prejudiced when a treating physician is designated as a non-specifically retained expert to testify at trial if such physician's records are disclosed "otherwise timely and within the discovery period."  These decisions, however, do not stand for such a notion.  Instead, they specify that when a party fails to properly designate a treating physician as an expert, that witness is subject to exclusion.  They further indicate that while a treating physician may be allowed to be called as a fact witness when not properly identified as an expert, such only holds true when if the medical records were produced to the Defendant.  And under such a scenario, the witness may only "testify as to basic facts known to him as the treating physician without expressing any opinion at all."  *Walker*, 2:16-CV-00042-KS-MTP (S.D. Miss. July 6, 2017) at *8 (citing *Robbins v. Ryan's Family Steak Houses E., Inc*., 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004).  Moreover, the Walker Court went so far as to note that its decision was premised on the assumption that Plaintiffs produced the medical records from the treating physicians and, if not, then the Court may bar their testimony altogether.  *Id*. at fn 3.  Herein, Plaintiff did not produce the records of Dr. Ali in advance of the expert designation deadline.  Accordingly, for these reasons, Plaintiff's characterization of *Walker* is misleading and irrelevant to the Court's consideration herein.

>    **III.     Alternatively, Kroger requests an extension of its expert designation deadline.**

Kroger would be unfairly and irreparably prejudiced by having already designated its own

experts prior to the Plaintiff having to provide completed expert designations without knowledge as to whether or not Plaintiff's disobedience to the Case Management Order, the Uniform District Court Rules, and the Federal Rules of Civil Procedure will or will not be excused. Such actions would require the defending party to commit the substance and contents of its own expert's opinions to the record without the benefit of completed statement of opinions from the expert designated by the Plaintiff as the party bearing the burden of proof, and to whose designation the Defendant's designation is necessarily and practically required in order to be responsive in the substantive aspects of this case. Thus, Kroger would hereby request that, in the event that this Court should refuse to strike Dr. Ali as an expert, that Plaintiff be directed to complete her designation (as to Dr. Ali only), by a date certain, and that Defendant be granted thirty (30) days thereafter to designate its experts in this matter. Such course of action would necessarily result in the need for a continuance of the current deadlines in the Case Management Order and a new trial setting.

Alternatively, should this Court not deem it appropriate to strike Dr. Ali as an expert, but refuse to grant Plaintiff additional time to supplement her designation as to Dr. Ali, then Defendant would request that the current scheduling order be amended to allow Defendant sufficient time to analyze and/or rebut Dr. Ali's anticipated opinions.

For these reasons, Kroger would request that, in the event the Court does not strike Dr. Ali as an expert, that Defendant's current deadline for scheduling its experts be extended until thirty (30) days after Plaintiff has provided a completed designation of her experts as to Dr. Ali. Alternatively, in the event Plaintiff does not supplement or should the Court refuse to allow Plaintiff to supplement her expert designation to include a complete designation of Dr. Ali's anticipated testimony, Defendant would request that its expert designation be extended until at

least mid-to-late December of 2017, as Defendant will have to obtain completed medical records from Dr. Ali since the set provided by Plaintiff is missing office visit records.  Furthermore, Defendant would request that, in the event the Court deems it inappropriate to strike the opinion of Dr. Ali, that the current trial setting be delayed.

### IV.    Conclusion

As illustrated above, Plaintiffs wholly failed to fully or appropriately designate Dr. Ali's opinions prior to the expert designation deadline.  Having failed to fully and timely designate Dr. Ali pursuant to Federal Rule of Civil Procedure 26 and Uniform District Court Rule 26, the proposed opinions of Dr. Ali should be excluded from this matter, as Kroger is prejudiced in that it cannot prepare to fairly meet the proposed testimony with its own experts or cross examination due to Plaintiff's lack of disclosure.

Furthermore, Defendant requests any and all other additional relief as the Court deems necessary and proper in according with the Uniform District Court Rules and the Federal Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED**, this the 31st day of October, 2017.

**THE KROGER CO.,**
**Defendant**

BY:    */s/ John S. Graham*
MONTE L. BARTON JR.
JOHN S. GRAHAM

OF COUNSEL:

Monte L. Barton Jr. (MSB #2095)
John S. Graham (MSB #100364)
**JERNIGAN COPELAND ATTORNEYS, PLLC**
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051

Email: mlbarton@jcalawfirm.com
Email: jgraham@jcalawfirm.com

## CERTIFICATE OF SERVICE

  I, the undersigned, attorney of record for Defendant, The Kroger Co., do hereby certify that

I have this day served copies of the foregoing via the ECF filing system, which sent notice to the

all counsel of record:

   David R. Wade (MSB #99699)
   WADE & ASSOCIATES
   P. O. Box 321027
   Flowood, MS 39232
   Telephone: (601) 981-3360
   Fax: (601) 914-0350
   Email: lawyerwade@hotmail.com

   *Counsel for Plaintiff*

  THIS, the 31st day of October, 2017.

         */s/ John S. Graham*
         JOHN S. GRAHAM