UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNIE MAE OWENS                                                                           PLAINTIFF

V.                                       CIVIL ACTION NO. 3:17-CV-314-DPJ-FKB

THE KROGER CO.                                                                         DEFENDANT

ORDER

Defendant The Kroger Co. ("Kroger") requests summary judgment [38] on Plaintiff Johnnie Mae Owens's negligence and false-light claims. For the reasons that follow, Kroger's Motion for Summary Judgment [38] is granted in part and denied in part.

I.      Facts and Procedural History

Owens says Kroger's negligence proximately caused a local media station to broadcast a surveillance image of Owens with the caption "wallet thief." The dispute began November 24, 2014, when Owens discovered a wallet while checking out at the Clinton, Mississippi, Kroger store. The wallet belonged to the preceding customer, Ezella Lewis. Owens informed the cashier and was instructed to take the wallet to the Customer Service Representative ("CSR"). Instead, Owens left the store hoping to catch Lewis in the parking lot. Unfortunately, Lewis was gone, so Owens returned to the store and handed the wallet to the CSR, Tawanna Cavett. She also asked Cavett how Kroger documents that an item was returned and not stolen. Cavett responded by pointing to the security cameras. Cavett then placed the wallet in the lost-and-found drawer. When Lewis called Kroger and asked whether anyone had found her wallet, it appears that no one checked the drawer before informing Lewis it had been taken. She then called the Clinton Police Department ("CPD").

CPD investigated the alleged crime by requesting surveillance footage from Kroger. And pursuant to that request, Kroger provided footage depicting Owens leaving Kroger with Lewis's wallet in hand. Kroger did not, however, give CPD the video from the customer-service area where Owens returned Lewis's wallet. And Kroger again failed to check the lost-and-found drawer. Believing that the person in the video (Owens) stole Lewis's wallet, CPD released still images to Crime Stoppers which, in turn, released them to the media with the description "wallet thief." The images were then broadcasted on television.

Aggrieved, Owens filed the instant suit against Kroger alleging various negligence theories and a false-light claim. Compl. [1-2]. Kroger now seeks summary judgment. Def.'s Mot. [38]. The issues have been briefed, and the Court has subject-matter and personal jurisdiction.

II. Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence,

factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

    A. Negligence Claim

Owens says Kroger's negligence caused her injuries. To establish negligence, "the plaintiff must show duty, breach of duty, causation, and damages." *Presswood v. Cook*, 658 So. 2d 859, 862 (Miss. 1995). But before addressing those elements, the Court must square-up the parties' briefs and identify the allegedly negligent acts Owens asserts.

In its opening memorandum, Kroger focuses on the allegation that it provided false or incomplete information to CPD when it produced the surveillance video from the register while withholding the second video from the customer-service area. *See* Def.'s Mem. [39] at 6–8. Kroger argues that this conduct breached no duties, *see id.*, and Owens takes no real issue with that argument. So to the extent her Complaint can be read to include a negligence claim based on producing only one video, she waived it. *See Hensley v. Wal-Mart Stores Inc.*, 290 F. App'x 742, 743–44 (5th Cir. 2008) (holding that "arguments not raised in response to" dispositive motions are waived).

3

That said, Owens's summary-judgment response focuses on a different basis for her negligence claim. According to her, "Kroger breached its duty twice by failing to act with reasonable care to look inside its own Lost & Found drawer before telling Ms. Lewis her wallet was not found or turned in, and when it failed to look inside its own Lost & Found drawer before it provided the CPD the video." Pl.'s Resp. [42] at 4, 6.

Owens asserted this theory in her Complaint. Compl. [1-2] ¶¶ 10, 11. Yet Kroger failed to address it until rebuttal. Normally, the Court would ignore arguments first raised in reply. *See Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district courts to refuse to consider arguments raised for the first time in reply briefs." (citation omitted)). But even considering the issue and Kroger's reply, questions of fact preclude summary judgment.

In its reply, Kroger states that it owed Lewis, not Owens, the duty to check the lost-and-found drawer when Lewis called looking for her wallet. It further says that any breaches did not proximately cause Owens's alleged damages. *See* Def.'s Reply [44] at 4. Accordingly, the parties dispute the duty and causation elements of the prima facie negligence case.

The duty and causation elements "both involve foreseeability." *Rein v. Benchmark Constr. Co.*, 865 So. 2d 1134, 1143 (Miss. 2004). But "duty is an issue of law, and causation is generally a matter for the jury." *Id.* Thus the first issue is for the judge and the second is reserved for the jury when the plaintiff satisfies Rule 56(c) by creating a material fact issue. *See id.* The Court will therefore determine first whether a duty existed as a matter of law and second whether any issues of material fact are present as to proximate cause.

1. Duty

Under Mississippi law, there is a common-law duty imposed on everyone to conform his voluntary actions to a standard of reasonable care. *See Dr. Pepper Bottling Co. of Miss. v. Bruner*, 148 So. 2d 199, 201 (Miss. 1962).

> As a general rule, it is the natural inherent duty owed by one person to his fellowmen, in his intercourse with them, to protect life and limb against peril, when it is in his power to reasonably do so. The law imposes upon every person who undertakes the performance of an act—which, it is apparent, if not done carefully, will be dangerous to other persons, or the property of other persons—the duty to exercise his senses and intelligence to avoid injury, and he may be held accountable at law for an injury to person or property which is directly attributable to a breach of such duty.

*Id.*

Though far reaching, this common-law duty is tethered by a foreseeability requirement. *See Ready v. RWI Transp., LLC*, 203 So. 3d 590, 595 (Miss. 2016) (discussing foreseeability). "[I]n order for a person to be liable for an act which causes injury, the act must be of such character, and done in such a situation, that the person doing it should reasonably have anticipated that some injury to another will probably result therefrom." *Patterson v. Liberty Assocs., L.P.*, 910 So. 2d 1014, 1019 (Miss. 2004) (citation omitted).

The question here is whether Kroger owed Owens a duty to check the lost-and-found drawer before telling Lewis the wallet had been taken. Kroger says that duty flowed to Lewis and not Owens, but it fails to cite any relevant legal authority supporting its argument.

On this record—when viewed in the light most favorable to Owens—the Court concludes that Kroger owed Owens a duty of reasonable care. To begin, Kroger apparently instructed Owens to take the wallet to customer service, so it created a duty *as to Owens* to take reasonable steps to prevent someone from thinking she stole it. Moreover, Kroger adopted polices to record who turned in lost-and-found items. For example, its lost-and-found log has a column for

"Finder Name and Phone Number," which the CSR is allegedly directed to use. Log Form [42-5]. Kroger also videotaped the customer-service area, and, according to CSR Cavett, the cameras documented who returned what. Cavett Dep. [42-2] at 16. These policies suggest an understanding that harm could follow if Kroger mishandled a lost item another customer turned in.

Finally, even assuming harm was not reasonably foreseeable when Kroger told Lewis her wallet was taken, harm became even more foreseeable when CPD showed up asking for the tape. By then, Kroger knew the video depicted someone (later identified as Owens) who was now under investigation, and it should have recognized the potential for reputational and other injuries. Indeed Kroger's corporate representative acknowledged the surveillance video could reach the public once produced to CPD, testifying, "[I]t's always possible. However, it rarely happens." Kroger Rule 30(b)(6) Dep. [38-1] at 76.

Kroger dismisses this testimony, arguing that "[i]t is axiomatic tort law that a mere possibility does not rise to the level of preponderance of the evidence." Def.'s Reply [44] at 5. Kroger therefore argues—with no supporting authority—that the testimony fails to create a jury question regarding foreseeability. *See id.* True enough, "remote possibilities do not constitute negligence from the judicial standpoint." *Gulledge v. Shaw*, 880 So. 2d 288, 293 (Miss. 2004) (citation omitted). That is because the law does "not charge the actor with a prevision or anticipation which would include an unusual, improbable, or extraordinary occurrence, although such happening is within the range of possibilities." *Id.* But, the "fact that an injury *rarely* occurs [(as Kroger's corporate representative stated)], or has never happened, is insufficient to protect the actor from a finding of negligence. If some injury is to be anticipated, this Court will find liability even if the particular injury could not be foreseen." *Id.* (emphasis added).

Here, "some injury" was reasonably foreseeable when Kroger failed to take steps to determine whether the wallet was truly missing before falsely informing Lewis and CPD that it had been taken. *See id.* That may have been Owens's fear when she returned the wallet and asked the CSR how Kroger would document that she had turned it in. *See* Cavett Dep. [42-2] at 16. It was reasonably foreseeable that an unjustified criminal investigation and publication would follow. Kroger therefore owed Owens a duty of reasonable care.

2.  Proximate Cause

Kroger says the failure to check the lost-and-found drawer did not proximately cause Owens's injury because the superseding acts by CPD and Crime Stoppers put the video in the public realm. Def.'s Reply [44] at 5. So the question is whether Kroger proximately caused Owens's injuries.

Proximate cause has two components. "[I]n order for an act of negligence to proximately cause the damage, the fact finder must find that the negligence was both the cause in fact and legal cause of the damage." *Glenn v. Peoples*, 185 So. 3d 981, 986 (Miss. 2015) (citation omitted).

> A defendant's negligence is the cause in fact where the fact finder concludes that, but for the defendant's negligence, the injury would not have occurred. In other words, the cause in fact of an injury is that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred. . . . Further, a defendant's negligence which is found to be the cause in fact will also be the legal cause provided the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act.

*Id.*

Significant to Kroger's defense, "a person is not liable where the original negligence 'only furnished the condition or occasion from which the injuries were received, but it did not

7

put in motion the negligence and wrongful agency that caused the injury.'" *Mitchell Crane Servs., Inc. v. Page*, 126 So. 3d 29, 32–33 (Miss. 2013) (quoting *Hoke v. W.L. Holcomb & Assocs., Inc.*, 186 So. 2d 474, 476–77 (Miss. 1966)). Thus, "if an independent intervening agency was the proximate cause of the injury inflicted, the plaintiff can not recover upon the original act of negligence." *Id.* (quoting *Permenter v. Milner Chevrolet Co.*, 91 So. 2d 243, 252 (Miss. 1956)). "An independent intervening cause is one that could not have been reasonably foreseen by the defendant while exercising due care." *O'Cain v. Harvey Freeman & Sons, Inc. of Miss.*, 603 So. 2d 824, 830 (Miss. 1991) (citation omitted).

In this case, there can be no dispute that Owens would not have been identified as a "wallet thief" but for Kroger's failure to simply check the lost-and-found drawer before telling Lewis and CPD that the wallet had been taken. The real issue is whether CPD and Crime Stoppers broke the causal link through unforeseeable acts. For the reasons listed in the preceding section regarding duty, the foreseeability question presents a disputed material fact as to proximate cause. Therefore, the Court denies Kroger's motion [38] as it relates to Owens's negligence claim.[1]

---

[1] The Mississippi Supreme Court has at times applied the six-factor test found in the Restatement (Second) of Torts for determining whether a superseding cause exists:

> (a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
> (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;
> (c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;
> (d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

B.	Negligent Infliction of Emotion Distress

Kroger says Owens's negligent-infliction-of-emotional-distress ("NIED") claim fails as a matter of law. But as with the other negligence claims, the parties have addressed different alleged acts. According to Kroger, the "sole basis" for Owens's NIED claim is the assertion that Kroger provided a "false" or "incomplete" video to CPD, yet Mississippi does not recognize the "tort of negligent infliction of emotional distress arising from defamation or written non-commercial publication." Def.'s Mem. [39] at 10. Owens fails to address that point and therefore abandoned a NIED claim based on that issue. *See Hensley*, 290 F. App'x at 743–44. She does, however, argue that Kroger was negligent for failing to check the lost-and-found drawer. *See* Pl.'s Resp. [42] at 4, 6. Kroger's motion fails to address that argument and does not reach Owens's claim for emotional-distress damages flowing from those allegedly negligent acts. Kroger's motion is therefore denied as to that claim.

C.	False-Light Claim

Owens says Kroger's actions caused her image to be published in a false light—i.e., that she was a "wallet thief." To make a false-light invasion-of-privacy claim, the plaintiff must show "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the

---

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; [and]
(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*Southland Mgmt. Co. v. Brown ex rel. Brown*, 730 So. 2d 43, 46 (Miss. 1998) (quoting Restatement (Second) of Torts § 440 (1965)). Neither party addressed these factors, so the Court will not dwell on them. That said, only factor (d) arguably weighs in Kroger's favor. The others buttress the Court's conclusion that a jury question exists regarding proximate cause.

9

publicized matter and the false light in which the other would be placed." *Cook v. Mardi Gras Casino Corp.*, 697 So. 2d 378, 382 (Miss. 1997).

In this case, the picture of Owens under the heading "wallet thief" placed her in a light that would offend a reasonable person. But the parties dispute (1) whether Kroger's communication with CPD was privileged, and (2) whether Kroger "publicized the matter." Because Kroger prevails on the first issue, the Court will not address the second, which turns on an underdeveloped area of law.

Mississippi law recognizes a qualified privilege for communications with law enforcement pursuant to official investigations, as "there is an unspoken civic duty to cooperate with police officers." *Downtown Grill, Inc. v. Connell*, 721 So. 2d 1113, 1119 (Miss. 1998).

> A [qualified] privileged communication is one made in good faith on any subject matter on which the person communicating has an interest or in reference to which he has a duty to protect to a person having a corresponding interest or duty, even though it contained matters, which, without this privilege, would be actionable, and although the duty is not a legal one, but only moral and social duty of imperfect obligation.

*J.C. Penney Co. v. Cox*, 148 So. 2d 679, 682 (Miss. 1963).

This qualified privilege is destroyed, however, if the speaker acted with "malice, bad faith, or abuse." *Funderburk v. Johnson*, 935 So. 2d 1084, 1105 (Miss. Ct. App. 2006). "Actual malice means that, at the time the statements were published, the speaker knew them to be false or made them with reckless disregard of their truth." *Id.* at 1106. Significantly,

> [a] reckless disregard for the truth requires more than a departure from reasonably prudent conduct. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubt as to the truth of his publication. . . . The standard is a subjective one—there must be sufficient evidence to permit the conclusion that the defendant actually had a high degree of awareness of . . . probable falsity.

*Journal Publ'g Co. v. McCullough*, 743 So. 2d 352, 361 (Miss. 1999) (citations omitted).

Owens offers no such evidence. Aside from conclusory statements that Kroger acted with reckless disregard, Owens limits this portion of her response to the following: "Kroger had in its possession a video of indisputable proof that Ms. Owens had turned in the wallet to the customer service desk. This indisputable proof establishes that Kroger had knowledge that Ms. Owens did not steal Ms. Lewis's wallet." Pl.'s Resp. [42] at 9. She therefore concludes that a jury could "infer . . . Kroger acted in reckless disregard." *Id.* at 9–10.

While these allegations are certainly enough to create a jury question on negligence, they fall well short of showing that Kroger knew it was wrong or "actually had a high degree of awareness" that the information it gave CPD was incorrect. *Journal Publ'g Co.*, 743 So. 2d at 361. Speculation and conjecture are not sufficient to avoid summary judgment. *See TIG Ins. Co.*, 276 F.3d at 759. Kroger's motion is therefore granted as to the false-light invasion-of-privacy claim.

IV.  Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Kroger's Motion for Summary Judgment [38] is granted as to the false-light claim and the uncontested negligence issues related to providing the video to CPD. The motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 3rd day of May, 2018.

                                          s/ *Daniel P. Jordan III*
                                          CHIEF UNITED STATES DISTRICT JUDGE