**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION AT JACKSON**

JOHNNIE MAE OWENS                                              PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:17-cv-314-DPJ-FKB

THE KROGER CO., and
JOHN DOES 1 THROUGH 5                                DEFENDANTS

**DEFENDANT'S MOTION IN LIMINE**

COMES NOW, Defendant, The Kroger Co. ("Kroger"), through counsel, and respectfully moves this Court *in limine*, for an order instructing Plaintiff and her attorneys not to mention, refer to, insinuate, interrogate concerning, or attempt to offer into evidence or convey to the jury in any manner, either directly or indirectly, any of the following matters, without first obtaining permission of the Court outside the presence and hearing of the jury; and further moves this Court for an instruction to the Plaintiff and all counsel not to make any reference to the fact that this motion has been filed and granted; and a warning instructing each and every one of the Plaintiff's witnesses to strictly follow the same instructions.

The matters to which the Plaintiffs, their attorneys, and witnesses shall not mention, refer to, insinuate, interrogate concerning, or attempt to offer into evidence or convey to the jury in any manner are as follows:

1. <u>Witnesses not identified by Plaintiff in discovery</u>. The Court should preclude Plaintiff from calling any witnesses to testify at trial that were not properly identified in discovery. Rule 37(c) of the Federal Rules of Civil Procedure states: "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See also *Sumrall v. Esnco Offshore Co.*, 2018 WL 2224074 (S. D. Miss. 2018).

Accordingly, Plaintiff should be prohibited from calling any witness to testify at trial whose identity was not previously disclosed during discovery.

2. <u>Documents and materials not produced in discovery</u>. The Court should also preclude Plaintiff from introducing into evidence any document or material thing not produced during discovery. Rule 37(c) of the Federal Rules of Civil Procedure states: "If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See also *Sumrall v. Esnco Offshore Co.*, 2018 WL 2224074 (S. D. Miss. 2018). Defendant's Request for Production No. 7 specifically requested Plaintiff to produce "ANY EVIDENCE, including documents, photographs or video you will use at trial" (all caps in original). Plaintiff produced some documents in response to this request. See Plaintiff's Responses to Kroger Co.'s First Request for Production, attached as Exhibit "A." Plaintiff should not be allowed to introduce any other document or item of physical evidence not produced in response to this request. For example, Plaintiff never produced a copy of the alleged Crimestopper's video that allegedly calls Plaintiff a "wallet thief." Plaintiff could have, and should have, produced this video in discovery if she intended to introduce it as evidence at trial. Plaintiff failed to do this. For this reason, the Crimestopper's video, and any other item of evidence not properly produced by Plaintiff in discovery, should be excluded from evidence at trial. Plaintiff should also be precluded from even mentioning or insinuating anything about the Crimestopper's video at trial. If the video itself is not admissible, neither the Plaintiff, nor her attorney, nor any of her witnesses should be allowed to testify about it, discuss it, interpret it, elaborate on it, or mention it in any way. This would be highly prejudicial to the Defendant insofar as the best evidence of what is on the video is the video itself. If the video is not admissible, any commentary or discussion of the video is likewise inadmissible.

3. <u>Defendant's internal loss control memo</u>. Defendant produced an internal loss control memo completed by Deavor Austin, Defendant's Loss Prevention Specialist, in which Mr. Austin refers to the Plaintiff as "the suspect." Defendant expects that Plaintiff will try to use this document against Defendant at trial. The document, however, is completely irrelevant to the claims asserted in this case. There is no evidence the document was ever sent to the Clinton Police Department or any other third party. It did not form the basis for any of the actions of any third party (Clinton PD, Crimestoppers, the television networks). This is an internal memo that remained within Kroger's exclusive possession and control until Defendant produced it in discovery. It would be confusing to the jury and prejudicial to the Defendant for this internal memo to be introduced as evidence at trial.

4. <u>Any evidence regarding the dismissed "false light" claim</u>. The Court granted summary judgment in favor of the Defendant on Plaintiff's "false light" claim. [Doc. 46]. In light of this ruling, Plaintiff should be precluded from offering any evidence or seeking any recovery for being placed in a false light, damage to her reputation, etc. For example, Defendant expects Plaintiff will attempt to call certain witnesses to the stand to testify that they saw the Crimestoppers video on TV and were thus led to believe Plaintiff was a "wallet thief." But now that the Court has entered summary judgment in Defendant's favor on the false light claim, there is no probative value to any such testimony. Plaintiff had the opportunity to come forth with evidence substantiating her claim that the Defendant placed her in a "false light" and was unable to do so. The Court, having granted summary judgment on this claim, should therefore preclude Plaintiff from offering any evidence on this claim at trial.

5. <u>Screen shots of blog posts and news articles</u>. During discovery, Plaintiff produced some screen shots of some news articles and blog posts from several sources referencing the incident and the Crimestoppers video. See Exhibit "B." Screen shots of internet web pages are usually inadmissible to prove the truth of statements contained therein. Federal Rule of Evidence

201(b) explains that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Judicial notice is proper only when the matter is "beyond reasonable controversy." *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir.2005) (quoting Fed.R.Evid. 201 advisory committee note). Screen shots of web pages, especially because of the ever-changing content, are not typically the type of document containing facts, the accuracy of which is capable of ready determination. *See e.g., In re Easysaver Rewards Litig.,* 737 F.Supp.2d 1159, 1167–68 (S.D.Cal.2010)(declining to take judicial notice of changing web screen shots); *Ferrington v. McAfee, Inc.,* Case No. 10–cv–1455, 2010 U.S. Dist. LEXIS 106600, at *10, 2010 WL 3910169 (N.D.Cal. Oct. 5, 2010) (declining to take judicial notice of changing web screen shots provided by defendant). The screen shots produced by Plaintiff are highly prejudicial and should be excluded from evidence. For example, one of the blog posts, from the notorious *Jackson Jambalaya*, says, "Defamation of character? I'd be eating free groceries for life." See Exhibit "B." This kind of inflammatory rhetoric should be excluded from trial. The jury should decide this case on the evidence, not on the opinions of random people who go to web sites and post their thoughts. In addition, the screen shots of the news reports produced by Plaintiff are inadmissible. News reports are inherently flawed, untrustworthy, and contain all sorts of inadmissible hearsay, opinion evidence, etc. In addition, the screen shots produced by Plaintiff have not been authenticated. They may or may not even be complete. The Court should exclude all such evidence from the trial.

6. <u>Statements regarding Defendant's size, profits, etc</u>. Defendant anticipates that Plaintiff or her counsel may make reference to corporate profits being made at the expense of others, or without regard to safety or welfare of others, or a similar appeal to sympathy, bias, or prejudice. The law views this as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, including corporations,

stand equal before the law, and are to be dealt with as equals in a court of justice. As such, any argument of corporate profits or the size of the Defendant would disadvantage Defendant and treat it as unequal. Such information is not relevant to the facts of this case, is speculative, and is highly prejudicial to the Defendant, and, any such proof would be offered only to mislead the jury and prejudice the Defendants. See Federal Rules of Evidence 401, 402, and 403. Moreover, recent case law makes it clear that testimony regarding a defendant's conduct being "focused on financial success" rather than safety of plaintiff should be excluded if it materially prejudices the defendants. *Estate of Gibson v. Magnolia Healthcare, Inc*., 91 So. 3d. 616, 630 (¶41) (Miss. 2012). As such, any reference to corporate profits being made at the expense of others, or without regard to safety or welfare of others, or similar appeals to sympathy bias, or prejudice should be excluded.

7. <u>Appeals to the "Conscience of the Community."</u> Defendants move this Court to exclude any reference, testimony or evidence by Plaintiff or her counsel to the jury asking it to be the conscience of the community with respect to this verdict or that the jury should do something by its verdict to make the community proud in this case, because it suggests to the jury that it should rule on matters not relevant to the case at bar and that some award of damages is expected. Any reference or suggestion that the jury or the jury panel should attempt to make Defendant "know what the price of justice is in our community" or "send store owners and operators a message" or any other such inflammatory and prejudicial language which is calculated to have the jury assess damages on some basis other than proper compensation as provided by the Court's charge to the jury is improper and should be prohibited. Federal Rules of Evidence 401, 402, 403. See also, *Whitehead v. K-Mart Corp*., 173 F. Supp. 2d 553, 564 (S.D. Miss. 2000).

8. <u>Any "golden rule" arguments</u>. The Court should enter an Order precluding the Plaintiff from referring in the presence of the jury or jury panel to any argument and/or comment asking, directing, or in any way encouraging jurors to place themselves in the position of the Plaintiff in this cause for any purpose. See, e.g., *Danner v. Mid-State Paving Co*., 173 So. 2d 608,

612 (Miss. 1965) ("[I]t is improper to permit an attorney to tell the jury to put themselves in the shoes of one of the parties or to apply the Golden Rule").

Defendant hereby reserves the right to submit additional *in limine* motions as this matter progresses towards trial and should it be determined that there are other issues about which the jury should not hear about during the trial of this matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant requests the Court to enter an Order instructing the Plaintiff and her attorneys not to mention, refer to, insinuate, interrogate concerning, or attempt to offer into evidence or convey to the jury in any manner, either directly or indirectly, any of the foregoing matters.

RESPECTFULLY SUBMITTED, this the 25th day of May, 2018.

                            THE KROGER CO., *Defendant*

BY:   */s/ William M. Vines*
        Monte L. Barton Jr. (MSB #2095)
        William M. Vines (MSB#9902)

OF COUNSEL:
Monte L. Barton Jr. (MSB #2095)
William M. Vines (MSB#9902)
John S. Graham (MSB #100364)
**JERNIGAN COPELAND ATTORNEYS, PLLC**
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, MS 39158-2598
Telephone: (601) 427-0048
Facsimile: (601) 427-0051
Email: mlbarton@jcalawfirm.com
Email: mvines@jcalawfirm.com
Email: jgraham@jcalawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, attorney of record for Defendant, The Kroger Co., do hereby certify that I have this day served copies of the foregoing via the ECF filing system, which sent notice to the all counsel of record:

>David R. Wade (MSB #99699)
>WADE & ASSOCIATES
>P. O. Box 321027
>Flowood, MS 39232
>Telephone: (601) 981-3360
>Fax: (601) 914-0350
>Email: lawyerwade@hotmail.com
>*Counsel for Plaintiff*
>
>Jeff G. Houston (MSB #100356)
>Attorney at Law
>660 Lakeland East Drive
>Suite 208
>Flowood, MS 39232
>Telephone: 601-366-0766
>Email: Jeffg_houston@yahoo.com
>*Counsel for Plaintiff*

THIS, the 25th day of May, 2018.

>*/s/ William M. Vines*
>Monte L. Barton Jr. (MSB #2095)
>William M. Vines (MSB#9902)