IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNIE MAE OWENS**                                                                     **PLAINTIFF**

**VS.**                                                                    **CASE NO: 3:17-cv-00314-DPJ-FKB**

**THE KROGER CO., AND**
**JOHN DOES 1 THROUGH 5**                                                **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION IN LIMINE**

COMES NOW the Plaintiff, Johnnie Mae Owens, by counsel, and for Plaintiff's Memorandum in Opposition to Defendant's Motion In Limine, would show unto the Court the following:

**I.**
*Factual History*

Plaintiff (sometimes referred to as "Owens"), alleges that due to the negligence of the Defendant, The Kroger Co., (sometimes referred to as "Kroger"), a local media broadcast of a surveillance image of Owens with the caption "wallet thief." Owens alleges that on or about November 24, 2014 , she discovered a wallet while checking out at the Clinton, Mississippi, Kroger store. The wallet belonged to the preceding customer, Ezella Lewis. Owens informed the cashier and was instructed to take the wallet to the Customer Service Representative ("CSR"). Instead, Owens left the store hoping to catch Lewis outside the store. Unfortunately, Lewis was gone, so Owens returned to the store and handed the wallet to the CSR, Tawanna Cavett. Owens also asked Cavett how Kroger documents that an item was returned and not stolen. Cavett responded by pointing to the security cameras. Cavett then placed the wallet in the lost-and-found drawer. When Lewis called Kroger and asked whether anyone had found her wallet, it

appears that no one checked the drawer before informing Lewis it had been taken. She then called the Clinton Police Department ("CPD").  The CPD investigated the alleged crime by requesting surveillance footage from Kroger, and pursuant to that request, Kroger provided footage depicting Owens leaving Kroger with Lewis's wallet in hand. Kroger did not, however, give CPD the video from the customer-service area where Owens returned Lewis's wallet and Kroger again failed to check the lost-and-found drawer. Believing that the person in the video (Owens) stole Lewis's wallet, CPD released still images to Crime Stoppers which, in turn, released them to the media with the description "wallet thief." The images were then broadcasted on television. Owens would not have been identified as a "wallet thief" on television but for Kroger's failure to check the lost-and-found drawer before telling Lewis and CPD that the wallet had been taken. That  Kroger's negligence proximately caused Owens' damages.

## II.
### *Witnesses Not Identified in Discovery*

Plaintiff agrees with Defendant that a witness not identified by any party in discovery should be excluded, except for witnesses used only for the purpose of impeachment or rebuttal. To be clear, Plaintiff agrees that any witness identified by either party in discovery may be called to testify at trial subject to the Federal Rules of Evidence.

## III.
### *Documents and Materials Not Produced in Discovery*

Plaintiff agrees with Defendant that any document not produced by any party in discovery should be excluded, except for documents used only for the purpose of impeachment or rebuttal. To be clear, Plaintiff agrees that any document produced by either party in discovery may be used at trial subject to the Federal Rules of Evidence. Notwithstanding, the Defendant's motion goes

too far and seeks to exclude any mention that of the material facts that Kroger provided Clinton Police Department (CPD) a video, CPD then turned the still images over to Crime Stoppers, which in turn released them to the media with the description "wallet thief." The images were then broadcasted on television. The Plaintiff does not possess the television footage broadcast in television. But its mention to the jury is certainly relevant because it makes these material facts more probable than not in proving the facts of consequence of Kroger's negligence and liability for proximately causing Plaintiff's damages. Rule 401 and Rule 402 Fed.R.Evid. Kroger bootstraps an argument that the video broadcast on television itself is inadmissible for not being produced, but the mention of the fact that the images from the video were broadcast on television is somehow "highly prejudicial" to Kroger. All evidence has some prejudicial effect. Relevant evidence, if unfairly prejudicial, can be excluded if its probative value is substantially outweighed by a danger of "unfair" prejudice. Rule 403 Fed.R.Evid.  Kroger offers no reason or explanation why the mention to the jury of the material fact that the Crime Stoppers video was broadcast on television presents a danger of "unfair" prejudice to Kroger. Clearly, the probative value material fact that the Crime Stoppers video was broadcast on television in proving that Kroger breached its duty of reasonable care and that Owens' injuries were reasonably foreseeable substantially outweighed by any danger of "unfair" prejudice to Kroger. Therefore, testimony or other evidence that the CrimeStoppers video branding Plaintiff as a "wallet thief" was broadcast on television is relevant, and it does not unfairly prejudice Kroger, and is therefore admissible. Rules 401, 402 and 403 Fed.R.Evid.

## IV.
## Defendant's Internal Loss Control Memo

The Defendant seeks to exclude the internal loss control memo completed by Deavor Austin, Kroger's Loss Prevention Specialist, in which Mr. Austin refers to the Plaintiff as "the suspect." Kroger first asserts the memo is not relevant. To the contrary, the memo proves the material fact that by the time the CPD showed up asking for the video, Kroger knew before it released the video to CPD that the video depicted someone who at that point was under criminal investigation, and as such the potential for reputational and other injuries was reasonably foreseeable to Kroger. The memo is probative and makes these material facts more probable than not in proving the fact of consequence that the Plaintiff's injuries were reasonably foreseeable to Kroger. Rule 401 and Rule 402 Fed.R.Evid. Kroger next complains that the memo would confuse the jury. There is no showing of any danger that the memo would confuse the jury. Nor is there any showing of any danger the memo would confuse any issues. Kroger has not met its burden of showing that the probative value of this relevant evidence is substantially outweighed by any danger of confusing the jury or any issue in this case. Kroger next asserts that the memo would be "prejudicial" to Kroger. Again all evidence has some prejudicial effect. Kroger has not demonstrated that any danger of any "unfair" prejudice exists if the memo is admitted into evidence. The memo is relevant, it does not unfairly prejudice Kroger, would not confuse the jury or the issues, and is therefore admissible. Rules 401, 402 and 403 Fed.R.Evid.

## V.
### *Any Evidence Regarding the Dismissed "False Light" Claim*

Kroger asserts that since Plaintiff's "false light" claim was dismissed, that "Plaintiff should be precluded from offering any evidence or seeking any recovery for being placed in a

false light, damage to her reputation, etc." True enough that the Court dismissed Plaintiff's "false light" claim, however, Kroger's request to preclude evidence encompasses evidence which is relevant to Plaintiff's claims of negligence, which the Court did not dismiss. Thus, evidence by witnesses who testify that they saw the Crime Stoppers video broadcast on television and then notified Plaintiff of the broadcast is evidence of proof that Owens' claims of emotional-distress damages flowing from Kroger's negligence in failing to check the lost-and-found drawer before releasing the video to the CPD, which the Court did not dismiss. Evidence may be admissible for one purpose but not another, and in this case it is. The jury should know be informed of Plaintiff's dismissed claims, but the Court should restrict the evidence to its proper scope and instruct the jury accordingly as to Plaintiff's negligence claims. Rule 105 Fed.R.Evid.

## VI.
### *Screen Shots of Blog Posts and News Articles*

Kroger seeks to exclude evidence of internet screen shots from local news organizations reporting the Crime Stoppers "wallet thief" video with an argument of judicial notice under Rule 201 Fed.R.Evid. Kroger attaches to its motion as Exhibit "B" the Plaintiff's composite of various such screen shots of poor quality. Plaintiff attaches hereto as Exhibit "A" a better copy of composite for the Court and points out that the screens shots are identical and not changing from the earlier dates from December of 2015, and today, as of this writing, June 1, 2018. Thus, Kroger's reliance on the case authorities it cites is misplaced to the extent Kroger argues "changing" screen shots because that is not case here.[1] The screen shots in this case are not

---

[1] Kroger cites *Rivera v. Philip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir.2005); *In re Easysaver Rewards Litig.,* 737 F.Supp.2d 1159, 1167–68 (S.D.Cal.2010)(*Ferrington v. McAfee, Inc.,* Case No. 10–cv–1455, 2010 U.S. Dist. LEXIS 106600, at *10, 2010 WL 3910169 (N.D.Cal. Oct. 5, 2010).

changing and have clearly been archived by the local new media websites and have not been deleted. The fact the "wallet thief" news reports from December of 2015 are still available to the public on the internet today can be accurately and readily determined by the court by a resort to the news sources' websites by simply accessing the internet. Rule 201 (b)(2) Fed.R.Evid. The Plaintiff's emotional injuries flow from Kroger's negligence. Plaintiff is expected to testify that she has seen the referenced websites and "wallet thief" story available on those websites which caused her emotional injuries and the fact that the story remains publically available on the internet today continues to cause her emotional injury. These facts are material and the screen shots are probative evidence which makes these material facts more probable than not in proving the fact of consequence that the Plaintiff suffered emotional injuries flowing from Kroger's negligence.

To the extent Kroger complains of hearsay, Plaintiff does not offer the substance of the statements reflected screen shots for the truth of the matters asserted therein, but to prove that the "wallet thief" story has been publically available on the internet since December of 2015 and still is today. Thus, the screen shots do not constitute hearsay for that reason. Rule 801(c)(2) of the Fed.R.Evid.

To the extent Kroger makes an argument that the screen shots may not be complete, or authenticated, this is the first time Kroger has raised the questions. Notwithstanding, the completeness and authenticity of the news websites are self-authenticating. Rule 902 (6) Fed,R.Evid. The Notes of Advisory Committee on Proposed Rules states:

> Paragraph (6). The likelihood of forgery of newspapers or periodicals is slight indeed. Hence no danger is apparent in receiving them. Establishing the authenticity of the publication may, of course, leave still open questions of authority and responsibility for

items therein contained. See 7 Wigmore §2150. Cf. 39 U.S.C. §4005(b), public advertisement prima facie evidence of agency of person named, in postal fraud order proceeding; Canadian Uniform Evidence Act, Draft of 1936, printed copy of newspaper prima facie evidence that notices or advertisements were authorized.

As technology changes so too the law adapts. What was once published in newspaper form is also nowadays published in electronic form on the internet. The authenticity of the screen shots as accurately depicting the webpage "wallet thief" story and the images therein are self-authenticating. Likewise, the completeness of the screen shots is capable of judicial notice under Rule 201 (b)(2).

## VII.
### *Statements Regarding Defendant's Size, Profits, Etc.*

Kroger's concerns regarding potential statements regarding its size, profits, etc., are unfounded and likely merely presumptive. Owens has not alleged any claim for punitive damages. This is a case of simple negligence involving a lost-and-found drawer. Kroger's size, profits, etc., are of no concern to Owens.

## VIII.
### *Appeals to the "Conscience of the Community*

Kroger's concerns regarding "appeals to the conscience of the community" appears encompassed by the U.S. Fifth Circuit's Pattern Jury Instructions No. 3.1 and 15.2, and merely states the obvious in our jurisprudence.

## IX.
### *Golden Rule Arguments*

Kroger correctly cites *Danner v. Mid-State Paving Co.*, 173 So. 2d 608, 612 (Miss. 1965) for the prohibition against the Golden Rule arguments and statements, and apparently seeks a

peremptory admonishment of all counsel to refrain from Golden Rule summations to which Plaintiff does not object.

Respectfully Submitted:

*/s/ David R. Wade*
David R. Wade, MB 99699
WADE & ASSOCIATES
P.O. Box 321027
Flowood, Mississippi 39232
Telephone  (601) 981-3360
Facsimile (601) 914-0350
*lawyerwade@hotmail.com*

Co-Counsel:
Jeff G. Houston, MSB #100356
Attorney at Law
660 Lakeland East Drive
Suite 208
Flowood, MS 39232
Telephone: 601-366-0766
*jeffg_houston@yahoo.com*

## Certificate of Service

I hereby certify that on June 1, 2018, the foregoing was electronically filed with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Monte L. Barton
John Graham
William M. Vines
JERNIGAN, COPELAND & ANDERSON, PLLC
587 Highland Colony Parkway
Post Office Box 2598
Ridgeland, Mississippi 39157
mlbarton@jcalawfirm.com
jgraham@jcalawfirm.com
mvines@jcalawfirm.com

/s/ David R. Wade
David R. Wade
